UNITED STATES DISTRIC COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

EATON & VAN WINKLE LLP,

              Plaintiff,

  -against-

ENDOCEUTICS, INC.

              Defendant.

------------------------------------------------------------------------x

**ECF CASE**
08 CV 3607 (RJS KNF)

**COMPLAINT**

**PLAINTIFF DEMANDS A JURY TRIAL**

Plaintiff Eaton & Van Winkle LLP ("EVW"), appearing pro se, as and for its Complaint against defendant Endoceutics, Inc. (hereinafter "Endoceutics" or the "Defendant") alleges, upon knowledge as to its own acts and otherwise upon information and belief, as follows:

### PARTIES

1. EVW is a limited liability partnership organized and existing under the laws of the State of New York with an office and place of business at 3 Park Avenue, 16th Floor, New York, New York 10016.

2. Upon information and belief, Endoceutics is a corporation organized and existing under the laws of Canada with an office and principal place of business located at 2989, de la Promenade, St. Foy (Quebec), Canada G1W 2J5.

### SUBJECT MATTER JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a), because (i) the matter in controversy exceeds the sum or

value of $75,000, exclusive of interest and costs, and (ii) the action is between a citizen of a state and a citizen of a foreign state.

4. This District is a proper venue for this action pursuant to 28 U.S.C. § 1391(a), in that a substantial part of the events and omissions giving rise to this claim occurred in this District.

## PERSONAL JURISDICTION

5. At all relevant times, Endoceutics has been transacting business in New York State.

6. Endoceutics should have reasonably expected that its acts would have consequences in New York State.

7. Personal jurisdiction over Endoceutics is proper, in accordance with CPLR § 302.

## FACTS

8. This is an action to recover legal fees and disbursements due to EVW for legal services provided to, and expenses and disbursements incurred on behalf of Defendant in connection with various matters handled on its behalf, including, but not limited to, EVW's legal representation with respect to work on an attempt to complete a public offering and a private financing. EVW seeks recovery based on claims for breach of contract, quantum meruit, and account stated.

9. EVW duly performed all the services it was required and agreed to perform for Endoceutics in May 2006 through November 2006, January 2007 through July 2007, and September 2007 through October 2007 and billed

Endoceutics for legal services provided to, and expenses and disbursements incurred on behalf of, Endoceutics.

10. EVW has repeatedly demanded payment from Endoceutics for monies due and owing by letters and telephone conversations.

11. On numerous occasions Endoceutics has admitted its obligations to EVW—the outstanding balance of EVW's fees and disbursements in connection with the matters handled on their behalf, namely $594,454.33.

12. To date, Defendant has failed to pay $594,454.33, together with interest, currently due and owing to EVW for services performed in connection with these various matters.

## FIRST CAUSE OF ACTION
(Breach of Contract)

13. EVW repeats and realleges the allegations in paragraph 1 through 12 hereof as if fully set forth herein.

14. EVW and Endoceutics had an agreement pursuant to which Endoceutics was to pay EVW for legal services rendered and expenses incurred on Endoceutics' behalf.

15. EVW rendered such legal services and expenses incurred on Endoceutics' behalf.

16. EVW has repeatedly demanded payment from Endoceutics for monies due and owing by letters and e-mails and in a series of telephone conversations.

17. Defendant has failed to make payments due to EVW under their agreement for legal services rendered in the amount of $594,454.33.

3

18. Failure to pay amounts due and owing for legal services rendered constitutes a breach of contract under New York law.

19. By reason of Defendant's breaches of contract, EVW has sustained damages in the amount of $594,454.33, together with interest, for which Defendant is now liable to EVW.

## SECOND CAUSE OF ACTION
(Quantum Meruit)

20. EVW repeats and realleges the allegations in paragraph 1 through 19 hereof as if fully set forth herein.

21. At all times that EVW performed services on behalf of Endoceutics, Endoceutics knew that EVW was performing such services on its behalf, and that EVW was entitled to be compensated therefore.

22. Endoceutics accepted all of the services rendered by EVW on its behalf.

23. The reasonable value of the services EVW rendered and disbursements incurred by EVW on behalf of Endoceutics, without objection, for which EVW has not been paid is not less than $594,454.33, together with interest.

24. Endoceutics received these unpaid legal services and benefited from these unreimbursed disbursements, by reason of which EVW is entitled to *quantum meruit* recovery in an amount to be determined by the trier of fact, but not less than $594,454.33, together with interest.

## **THIRD CAUSE OF ACTION**
(Account Stated)

25. EVW repeats and realleges the allegations in paragraphs 1 through 24 hereof as if more fully set forth herein.

26. Periodically, EVW remitted to Endoceutics statements setting forth EVW's charges for the services rendered and disbursements incurred by EVW on their behalf. The most recent such statements reflect unpaid charges for legal services rendered and expenses incurred aggregating $594,454.33.

27. Endoceutics have retained EVW's statements without protest.

28. By reason of the foregoing, an account has been stated between Defendant, on the one hand, and EVW, on the other, for the sum of $594,454.33, together with interest, which is presently due and owing by Defendant to EVW.

WHEREFORE, EVW prays as follows:

    a. That process in due form of law according to the practice of this Court may issue against the Defendant;

    b. That judgment be entered against Defendant and in favor of Plaintiff in the amount of not less than $594,454.33, plus interest, costs, disbursements, and attorneys' fees upon the First, Second, and Third Causes of Action; and

------------------------------------- continued on next page -------------------------------------

      c.      That the Court grant such other, further and different relief as may be just, proper and equitable in the premises.

Dated: New York, New York
      April 15, 2008

                      EATON & VAN WINKLE LLP
                      Plaintiff, pro se

                      By: __S/_____
                          Bonnie R. Kim, Esq.

                      3 Park Avenue, 16th Floor
                      New York, New York 10016
                      Telephone: (212) 779-9910